# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENEDICT SARZABA and MERCEDITAS SARZABA,<br><br>                    Plaintiffs,<br>  v.<br>AURORA LOAN SERVICES, et al.,<br>                    Defendants. | Case No. 10cv1569 BTM(NLS)<br>**ORDER REMANDING CASE** |

In an order filed on August 2, 2010, the Court ordered Defendant Aurora Loan Services, LLC ("Aurora") to show cause why this case should not be remanded for lack of removal jurisdiction. On August 16, 2010, Aurora filed its response to the OSC. The Court has reviewed Aurora's response and determines that it lacks removal jurisdiction over this action.

On July 28, 2010, Defendant Aurora Loan Services, LLC ("Aurora"), removed this action from the Superior Court of California, County of San Diego. Aurora contends that the Court has federal question jurisdiction over the action because Plaintiff's allegations "necessarily raise the disputed and substantial federal issue of whether the initial disclosures concerning Plaintiffs' January 2006 loan met the requirements of the Truth in Lending Act, 15 U.S.C. § 1601." Aurora also contends that the Court has removal jurisdiction due to the preemptive force of the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1641.

1      Under the "well-pleaded complaint" rule, federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. of California v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983). This rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law." <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1106 (9th Cir. 2000).

An exception to the "well-pleaded complaint rule" is the "artful pleading" doctrine. Under this doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." <u>Franchise Tax Board</u>, 463 U.S. at 22. Courts have applied the artful pleading doctrine in (1) complete preemption cases; and (2) substantial federal question cases. <u>Lippitt v. Raymond James Fin. Serv.</u>, 340 F.3d 1033, 1041-42 (9th Cir. 2003).

Although Plaintiffs' Complaint asserts state law claims only, Aurora contends that Plaintiffs' first (fraud), second (breach of contract), third (breach of implied covenant of good faith and fair dealing) and seventh (violation of Cal. Bus. & Prof. Code § 17200) causes of action are actually disguised TILA claims and are necessarily federal in character. The Court disagrees.

When determining whether state claims implicate federal issues giving rise to federal question jurisdiction, the pertinent inquiry is, "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Grable & Sons Metal Prod., Inc. v. Daure Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005). "Federal issue" is not a "password opening federal courts to any state action embracing a point of federal law." <u>Id.</u>

Some of the allegations supporting Plaintiffs' claims appear to implicate TILA – e.g., Plaintiffs' allegations that the lender, "Home," hid the true terms of the loan by not providing

Plaintiffs with the required loan disclosure documents prior to or after the signing of the loan documents (Compl. ¶ 82), and Plaintiffs' allegations that Home did not provide disclosures regarding the amount financed and the finance charge, among other things (Compl. ¶¶ 55-56). However, Plaintiffs' claims against Home are not limited to disclosure violations. According to Plaintiffs, Home participated in a scheme with Plaintiffs' loan brokers to trick Plaintiffs into entering into a predatory loan by classifying Plaintiffs as "sub-prime" borrowers even though they qualified as "prime" borrowers, misrepresenting that the loan at issue was the only mortgage loan program Plaintiffs could qualify for, overstating Plaintiffs' income on the loan application without Plaintiffs' knowledge, hiding the terms of the loan, and misrepresenting that if the loan ever became unaffordable, Plaintiffs could just refinance into an affordable loan.

Because Plaintiffs' claims do not rest upon the allegations of failure to disclose alone, Plaintiffs' claims do not necessarily raise a federal issue. In cases where the violation of TILA is one of several independent allegations supporting a claim of fraud or other state claim, courts have held that the state law claim does not necessarily turn on the federal issue. See, e.g., Ortega v. HomEq Servicing, 2010 WL 383368, at *6 (C.D. Cal. Jan 25, 2010) (holding that plaintiff's fraud claim – which alleged that defendants through misrepresentations, failure to disclose, and failure to investigate induced plaintiff to enter into a loan – did not necessarily raise substantial and disputed questions under TILA); Caampued v. First Federal Bank of California, 2010 WL 963080, at *3-4 (N.D. Cal. Mar. 16, 2010) (explaining that plaintiffs' fraud argument did not necessarily require resolution of disputed issues of federal law because plaintiffs' fraud claim was not limited to any single misrepresentation, but, rather, alleged a scheme of misrepresentations, deceit, and inducements); Myung v. Washington Mutual Bank, 2009 WL 4123467, at *2 (C.D. Cal. Nov. 23, 2009) (holding that although state causes of action, including breach of the covenant of good faith and fair dealing and fraud, alleged TILA and RESPA violations, those violations formed only part of the basis for those causes of action, and the complaint therefore did not present a substantial federal issue).

Aurora suggests that the Court also has federal question jurisdiction due to the preemptive force of HOLA.  To the extent any of Plaintiffs claims are preempted by HOLA, the Court does not believe that such preemption would give rise to removal jurisdiction.  A case may not be removed to federal court on the basis of the defense of preemption even if the defense is anticipated in the plaintiff's complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The complete preemption doctrine is an independent corollary to the well-pleaded complaint rule. Caterpillar, 482 U.S. at 393.  Under the complete preemption doctrine, "[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id.  Compete preemption arises only in "extraordinary situations" and occurs "only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).

Neither the Supreme Court nor the Ninth Circuit have ruled on the issue of whether HOLA completely preempts state law.  However, the Court agrees with the district courts that have held that it does not.  In Pazos v. Wachovia Mortgage, 2010 WL 3171082 (C.D. Cal. Aug. 10, 2010), the court analyzed HOLA and its implementing regulations.  The court noted that according to 12 C.F.R. § 560.2(d), HOLA does not preempt state law claims related to lending "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section."  Based on this language, the court concluded, "HOLA does not have the unusually powerful preemptive force that goes beyond merely preempting state law claims to also permit removal." Id. at *3.  The Court finds the reasoning of the Pazos court to be persuasive. See also Cole v. Pinter, 2009 WL 1441470, at * 2 (W.D. Ark. May 21, 2009) ("Although HOLA may have ordinary preemptive effects on state law causes of action, it does not substitute a federal cause of action, as is necessary for complete preemption."); King v. Homeside Lending, 2007 WL 1009383, at *7  (S.D.W.Va. March 30, 2007) (rejecting

1 argument that HOLA completely preempts state law).

2     The removing defendant always has the burden of establishing that removal is proper, and the court resolves all ambiguity in favor of remand to state court. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Aurora has not satisfied its burden. Therefore, the Court **REMANDS** this case to the Superior Court of the State of California, County of San Diego. **IT IS SO ORDERED.**

DATED: August 26, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge